IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH W. WANG,<br><br>    Petitioner,<br><br>v.<br><br>WARDEN SINGH,<br><br>    Respondent.<br>_____ / | No. C 12-4823 YGR (PR)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS; DENYING CERTIFICATE OF APPEALABILITY** |

## INTRODUCTION

This matter is now before the Court for consideration of Kenneth W. Wang's ("Petitioner") *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 concerning his 2010 conviction in San Francisco County Superior Court. For the reasons set forth below, the Petition is DENIED as to all claims. A certificate of appealability is also denied.

## BACKGROUND

### I.   Case History

In a bench trial, the court found Petitioner guilty of (1) assault with a deadly weapon, a knife, with infliction of great bodily injury and (2) damaging a telephone line. (Ans., Ex. 6 at 1). The court sentenced Petitioner to an aggregate seven-year prison term: an upper four-year term on the assault conviction and three additional years on the great bodily injury enhancement. *Id.* The court imposed a concurrent two-year sentence for the telephone line conviction. *Id.* Petitioner appealed the judgment to the California Court of Appeal. (Ans., Ex. 3.)

On December 22, 2011, the California Court of Appeal, in an unpublished written opinion,

affirmed the judgment of conviction. (Ans., Ex. 6, *People v. Wang*, 2011 WL 6650078 (Cal. Ct. App. Dec. 22, 2011.) On February 29, 2012, the California Supreme Court denied Petitioner's petition for review. (Ans., Ex. 8.)

On September 14, 2012, Petitioner filed the instant petition for a writ of habeas corpus. (Docket no. 1.) On October 17, 2012, the Court issued an Order to Show Cause. (Docket no. 3.) On June 13, 2013, Respondent filed an Answer to the Petition. (Docket no. 8.) Petitioner has not filed a Traverse.

## II. Facts

In its unpublished opinion addressing Petitioner's claims on direct appeal, the state appellate court set forth the following summary of the facts:

> In December 2006, defendant was a 42–year–old mentally ill conservatee living in a residential hotel. He was prescribed psychotropic medication but, by December 30, 2006, had been "off [his] medication" for about a month. On that day, in the early morning hours around 4 a.m., defendant broke into his parents' home and got into an altercation with his brother, Jeffrey Wang, who lived there. Defendant took a knife from his pocket and stabbed his brother 12 times.
>
> Medical records show four stab wounds "to the head or face, five to the left scapula or flank, one to the lower chest and two to the left leg." Jeffrey testified: "blood was erupting everywhere on me." Jeffrey managed to fight off defendant, and throw him out the door. Jeffrey tried to call 911, but the line was dead. Defendant had pulled out the line. Jeffrey contacted a neighbor who telephoned for help. Jeffrey waited until about 7 a.m. before doing so because he "did not want to bother the neighbors."
>
> At the hospital, Jeffrey underwent a computed tomography scan to evaluate a chest stab wound and "a surgical procedure" to evaluate possible internal injury to the abdomen. For the "surgical procedure," Jeffrey was "put under anesthesia" and "his abdomen was explored with trocars, which are instruments used to visualize the inside of the abdominal cavity." It was found that the stab wounds penetrated the skin and soft tissue but did not enter the abdominal cavity or chest cavity, and did not injure the underlying organs.
>
> Defendant was charged with multiple offenses. Initially, he was found incompetent to stand trial and criminal proceedings were suspended while defendant underwent treatment. In July 2008, pursuant to a progress report from Napa State Hospital, defendant was found competent to stand trial and criminal proceedings resumed. Defendant waived trial by jury. A bench trial was held in August 2010. The court found defendant not guilty of attempted murder but guilty of assault with a deadly weapon (a knife) with infliction of great bodily injury. (Pen. Code, §§ 245, subd. (a)(1), 12022.7, subd .(a).) The court also found defendant guilty of damaging a telephone line. (Pen. Code, § 591.)

*Wang*, 2011 WL6650078, at *1.

## STANDARD OF REVIEW

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The first prong applies both to questions of law and to mixed questions of law and fact, *Williams v. Taylor*, 529 U.S. 362, 384–86 (2000), and the second prong applies to decisions based on factual determinations. *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent if it "applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases," or if it "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [its] precedent." *Williams*, 529 U.S. at 405–06. "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." *Id.* at 409.

Under 28 U.S.C. § 2254(d)(2), a state court decision "based on a factual determination will

not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El*, 537 U.S. at 340.

In determining whether the state court's decision is contrary to or involved an unreasonable application of clearly established federal law, or is based on an unreasonable determination of the facts, a federal court looks to the decision of the highest state court to address the merits of a petitioner's claims in a reasoned decision. *LaJoie v. Thompson*, 217 F.3d 663, 669 n.7 (9th Cir. 2000). Here, the California Court of Appeal was the highest court to address, in a reasoned opinion, Petitioner's claims. Thus, it is that opinion which the Court reviews when ruling on those claims.

## DISCUSSION

### I. Legal Claims

Petitioner raises the following claims for habeas corpus relief: (1) insufficient evidence supports the trial court's finding that the victim's twelve stab wounds constituted great bodily injury; and (2) ineffective assistance of counsel.

#### A. Insufficient Evidence

Petitioner argues that insufficient evidence supports the finding of great bodily injury.

A federal court reviewing collaterally a state court conviction does not determine whether it is satisfied that the evidence established guilt beyond a reasonable doubt. *Payne v. Borg*, 982 F.2d 335, 338 (9th Cir. 1992). Nor does a federal habeas court in general question a jury's credibility determinations, which deserve near-total deference. *Jackson v. Virginia*, 443 U.S. 307, 326 (1979). Indeed, if a record supports conflicting inferences, a federal habeas court "must presume — even if it does not affirmatively appear in the record — that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Id.* The federal court "determines only whether, 'after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Payne*, 982 F.2d at 338 (quoting *Jackson*, 443 U.S. at 319). Only if no rational trier of fact could have found proof of guilt beyond a reasonable doubt, may the writ be granted. *Jackson*, 443 U.S. at 324. "[T]he only question under *Jackson* is whether that [jury] finding was so insupportable as to fall below the threshold of bare rationality." *Coleman v. Johnson*, 132 S. Ct. 2060, 2065 (2012).

Under AEDPA, a federal habeas court applies the standards of *Jackson* with an additional layer of deference. *Juan H. v. Allen*, 408 F.3d 1262, 1274 (9th Cir. 2005). Generally, a federal habeas court must ask whether the operative state court decision reflected an unreasonable application of *Jackson* to the facts of the case. *Coleman*, 132 S. Ct. at 2062; *Juan H.*, 408 F.3d at 1275 (quoting 28 U.S.C. § 2254(d)). To grant relief, a federal habeas court must conclude that "the state court's determination that a rational jury could have found that there was sufficient evidence of guilt, i.e., that each required element was proven beyond a reasonable doubt, was objectively unreasonable." *Boyer v. Belleque*, 659 F.3d 957, 964-65 (9th Cir. 2011).

Sufficiency of the evidence claims, on federal habeas review, is performed with reference to the substantive elements of the criminal offense as defined by the state law. *Jackson*, 443 U.S. at 324 n.16. Federal courts are bound by state court rulings on issues of state law. *Mendez v. Small*, 298 F.3d 1154, 1158 (9th Cir. 2002) ("A state court has the last word on the interpretation of state law."); *Melugin v. Hames*, 38 F.3d 1478, 1487 (9th Cir. 1994) (federal habeas court is bound by state court's interpretation of state law).

The Court of Appeal denied this claim, concluding that the victim's "multiple stab wounds that penetrated the flesh and which necessitated an invasive surgical procedure" constituted great bodily injury under California Penal Code section 12022.7(f). *Wang*, 2011 WL6650078, at *2.

Under California law, great bodily injury is defined as, "significant or substantial physical injury." Cal. Penal Code § 12022.7(f). This definition contains no requirement that the victim suffer permanent, prolonged or protracted disfigurement, impairment, or loss of bodily function. *People v. Escobar*, 3 Cal. 4th 740, 750 (1992). Less severe injuries, such as bruises and abrasions may constitute great bodily injury. *Id.*

Petitioner argues that, because the victim's injuries were superficial, with minimal bleeding and requiring minimal medical care, they do not constitute great bodily injury as defined in section 12022.7(f). However, as noted by the Court of Appeal, the victim suffered multiple stab wounds that penetrated the flesh and necessitated an invasive surgical procedure. Arguably, these stabbing injuries were more severe than the bruises and abrasions that constituted great bodily injury in *Escobar*. Looking at the evidence in the light most favorable to the prosecution, as must be done on

habeas review, any rational trier of fact could have found that the twelve stab wounds suffered by the victim met the requirements for great bodily injury as described in *Escobar*. The Court of Appeal's denial of this claim was not objectively unreasonable. Furthermore, on habeas review, this Court is bound by the state court's interpretation of state law defining great bodily injury. For this reason also, habeas relief on this claim is denied.

### B. Ineffective Assistance of Counsel

Petitioner argues that his counsel was ineffective for failing to object to the sentencing court's allegedly improper dual use of facts as elements of the offense and enhancement and also as support for the upper term on the assault conviction.

The Court of Appeal summarized the facts relevant to this claim as follows. The sentencing court, in listing circumstances in aggravation, included the factors that the crime involved great bodily harm and that Petitioner was armed with a weapon. The sentencing court also stated that it chose an upper term on the assault conviction because "substantial injuries were inflicted." *Wang*, 2011 WL6650078, at *2.

Under California law, a court "cannot use a single fact both to aggravate the base term and to impose an enhancement, nor may it use a fact constituting an element of the offense to aggravate or to enhance a sentence." *People v. Scott*, 9 Cal. 4th 331, 350 (1994). The Court of Appeal determined that the trial court did not "scrupulously" observe the rule enunciated in *Scott* and that, arguably, the trial court improperly made dual use of facts. *Wang*, 2011 WL6650078, at *2. Nevertheless, the Court of Appeal denied this claim based on lack of prejudice because, in addition to weapon use and substantial injuries, the trial court listed many aggravating factors such that, even if counsel had objected, it was not reasonably probable that the court would have imposed a lower sentence. *Id.*

#### 1. Legal Standard

Claims of ineffective assistance of counsel are examined under *Strickland v. Washington*, 466 U.S. 668 (1984). In order to prevail on a claim of ineffectiveness of counsel, the petitioner must establish two factors. First, he must establish that counsel's performance was deficient, i.e., that it fell below an "objective standard of reasonableness" under prevailing professional norms, "not

whether it deviated from best practices or most common custom." *Harrington v. Richter*, 131 S. Ct. 770, 788 (2011) (citing *Strickland*, 466 U.S. at 690 ). "A court considering a claim of ineffective assistance must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." *Id.* at 787 (quoting *Strickland*, 466 U.S. at 689).

Second, he must establish that he was prejudiced by counsel's deficient performance, i.e., that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* "The likelihood of a different result must be substantial, not just conceivable." *Richter*, 131 S. Ct. at 792 (citing *Strickland*, 466 U.S. at 693). A court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as the result of the alleged deficiencies. *Strickland*, 466 U.S. at 697; *Williams v. Calderon*, 52 F.3d 1465, 1470 & n.3 (9th Cir. 1995).

The standards of both 28 U.S.C. § 2254(d) and *Strickland* are highly deferential and "when the two apply in tandem, review is doubly so." *Richter,* 131 S. Ct. at 788. "The question [under § 2254(d)] is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id.*

**2. Analysis**

At Petitioner's sentencing hearing, the trial court stated:

> This crime is a serious offense. The defendant was armed and used a deadly weapon. The victim, his brother, sleeping and being at home in the early morning hours, was vulnerable. . . . The crime did involve great violence, great bodily harm and acts that disclosed a high degree of viciousness. . . . The victim [sic] was convicted of severing of the wire, the telephone line. He was convicted of that crime for which consecutive sentence could be imposed, but I'm going to impose a concurrent sentence based on the sentencing structure that the court thinks is appropriate in this case. There is very good grounds to make the [telephone line conviction] run consecutive. Because, unlike many such instances, this actually prevented the terrified victims from contacting the police for a number of hours, and in many cases of domestic violence, the cutting of the phone line is not – doesn't substantially increase the harm or the risk.
>
> . . .
>
> [Defendant] has engaged in violent conduct. The seriousness of his offenses are increasing. He has served a prior prison term, and his performance on parole was unsatisfactory given the number of revocations.
>
> . . .

1
2
3
> The reason why this court feels that an aggravated sentence is justified is this is a home invasion of a residence early in the morning hours. It showed some planning, not professionalism or sophistication, but it did show some planning, and it was done in the intentional violation of a restraining order, and in the course of the assault with a knife, substantial injuries were inflicted. There were at least 12 stab wounds.

4 (Reporter's Transcript ("RT") 562-65.)

5       Rule 4.421 of the California Rules of Court lists factors relating to the crime and to the
6 defendant that can be used as circumstances in aggravation. The factors include the following: (1)
7 the crime involved great violence, great bodily harm, . . . or other acts disclosing a high degree of
8 cruelty, viciousness, or callousness; (2) the defendant was armed with or used a weapon at the time of
9 the commission of the crime; (3) the victim was particularly vulnerable; (4) the defendant was
10 convicted of other crimes for which consecutive sentences could have been imposed but for which
11 concurrent sentences are being imposed; (5) the manner in which the crime was carried out indicates
12 planning, sophistication, or professionalism; (6) the defendant's prior convictions are of increasing
13 seriousness; (7) the defendant has served a prior prison term; and (8) the defendant's prior
14 performance on probation or parole was unsatisfactory. Cal. Rules of Court, Rule 4.421.

15       In sentencing Petitioner, the court mentioned each of the above factors listed in California
16 Rule of Court 4.421 and could have used any of them to impose an upper term on Petitioner's assault
17 conviction. As noted by the Court of Appeal, proper consideration of all these factors "warranted the
18 imposition of the upper term." *Wang*, 2011 WL6650078, at *2. The Court of Appeal also noted that
19 the trial court had given good grounds for running the two-year term on the conviction for severing
20 the telephone line consecutive to the term for the assault conviction. Therefore, had counsel objected
21 to the trial court's reference to weapon use and injury when it imposed the upper term on the assault
22 conviction, the court could have reached the same sentence by omitting those references from its list
23 of aggravating factors, or would have made the sentence for severing the phone line consecutive
24 rather than concurrent to the sentence for assault. Because there is no substantial likelihood that
25 Petitioner's sentence would have been different had counsel objected, Petitioner has failed to
26 establish prejudice under *Strickland*. Thus, the Court of Appeal's denial of this claim based on lack
27 of prejudice was objectively reasonable. Habeas relief on this claim is denied.

28

**CONCLUSION**

For the foregoing reasons, the Court DENIES the Petition for Writ of Habeas Corpus as to all claims. A certificate of appealability will not issue. Reasonable jurists would not find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner may seek a certificate of appealability from the Court of Appeals. The Clerk shall enter judgment in favor of Respondent and close the file.

IT IS SO ORDERED.

DATED: November 26, 2013

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

9